**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**CHRISTOPHER TOTH,**

> **Plaintiff,**

**v.**                                                                    **Civil Action No.   2:16-cv-9793**

**A&R LOGISTICS, INC. d/b/a
A&R TRANSPORT, INC. a
Kentucky corporation,**

> **Defendant.**

## NOTICE OF REMOVAL

Defendant A&R Logistics, Inc. d/b/a A&R Transport, Inc., by counsel, John L. MacCorkle, E. Taylor George, and the law firm of MacCorkle Lavender, PLLC, hereby gives its Notice of Removal of this action from the Circuit Court of Wood County, West Virginia to the United States District Court for the Southern District of West Virginia, pursuant to 28 United States Code Sections 1332, 1367, 1441, and 1446. This case is removable under diversity of citizenship because the citizenship of all parties are completely diverse and the amount in controversy exceeds the jurisdictional amount. In support of this Notice of Removal, Defendant states as follows:

1.      On April 7, 2016, Plaintiff filed his Complaint in the Circuit Court of Wood County, West Virginia, Civil Action No. 16-C-132. The delivery of the Complaint to the West Virginia Secretary of State for service of process upon an out-of-state defendant, pursuant to West Virginia Rule of Civil Procedure 4 was made on September 22, 2016.

ATTREF 8141, Doc. #7

Pursuant to the statute authorized by that rule, West Virginia Code § 31D-5-504, service is perfected when the Summons and Complaint is delivered to the registered agent for service of process.  Service was received by the registered agent of Defendant on September 29, 2016.  Both of those dates are within thirty (30) days of this filing.

2.      By either calculation, this Notice of Removal is timely, as it is filed on October 17, 2016, causing it to be filed within thirty (30) days of receipt by Defendant of the initial pleading in this case, pursuant to 28 U.S.C. § 1446(b)(1).

3.      Plaintiff's Complaint alleges his state citizenship as a citizen of the State of West Virginia.

4.      Plaintiff's Complaint does not directly allege the state citizenship of Defendant, although it does state that Defendant is a Kentucky corporation.  A&R Logistics, Inc. is a corporation incorporated under the laws of the Commonwealth of Kentucky, with its principal place of business located within the Commonwealth of Kentucky, making A&R Logistics, Inc. a citizen of the Commonwealth of Kentucky.  A&R Transport, Inc. is a "doing business as" name of A&R Logistics, Inc., giving it the same citizenship; it is a citizen of the Commonwealth of Kentucky.

5.      Accordingly, because Plaintiff is a citizen of the State of West Virginia, and Defendant is a citizen of the Commonwealth of Kentucky, the citizenships of the parties are completely diverse.

6.      Plaintiff's Complaint does not allege the amount of monetary damages claimed. However, Plaintiff is seeking a variety of damages including special, general, and Further, Plaintiffs are seeking a variety of damages including special and general damages.  These alleged damages are facially apparent to be in excess of the

jurisdictional amount.  Additionally, Defendant has examined its claims documents and has determined that the amount of potential damages exceeds Seventy-five thousand Dollars ($75,000.00).  Under West Virginia law, Plaintiff's recovery is theoretically unlimited and only a binding stipulation that Plaintiff would not seek nor accept more than Seventy-five thousand Dollars ($75,000.00), including all potential costs, fees, and interest could limit their recovery.  *See, Hicks v. Herbert*, 122 F.Supp.2d. 699 (S.D.W.V., 2000).  Plaintiff hasanot entered into any such stipulation.  Without conceding that Plaintiff is entitled to any damages, which is expressly denied, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount under 28 U.S.C. §1332(a).  This amount need only be pled by notice pleading, based on the good faith belief of the Defendant.  *See, Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir., 2008).

7.      As a result of the above information, the case is removable to the United States District Court for the Southern District of West Virginia on the grounds of diversity of citizenship.  There is complete diversity of citizenship between the parties and amount in controversy has been met or exceeded.

8.      Additionally, this Court has supplemental jurisdiction over any potential remaining or added state law claims, pursuant to 28 U.S.C. §1367, as the other counts contained in the Complaint "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

9.      In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings, process, and/or orders received by the Defendants as of this date are attached to this Notice of Removal as Exhibit A.  A copy of the state court docket sheet is attached as Exhibit B.

10.     In accordance with 28 U.S.C. § 1446(d), Plaintiff is being served with a copy of this Notice of Removal.  Additionally, a copy of this Notice of Removal is being filed with the Circuit Court of Kanawha County, West Virginia.

11.     All other requirements for removal pursuant to 28 U.S.C. § 1446(d) and the applicable rules have been complied with.

12.     By filing this Notice of Removal, Defendant does not waive any defenses or admit any of Plaintiff's allegations.  Defendant expressly reserves all available defenses, including but not limited to those defenses enumerated in Federal Rule of Civil Procedure 12(b).


        WHEREFORE, E A&R Logistics, Inc. d/b/a A&R Transport, Inc. file this Notice of Removal and remove this action to the United States District Court for the Southern District of West Virginia, Charleston, West Virginia.


(This space intentionally left blank)

PLAINTIFF IS HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Circuit Court of Wood County, West Virginia.

**A&R LOGISTICS, INC. d/b/a**
**A&R TRANSPORT, INC.,**
**By Counsel**

*/s/E. Taylor George*
John L. MacCorkle (WV State Bar #2286)
E. Taylor George (WV State Bar #8892)
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division**

**CHRISTOPHER TOTH,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Civil Action No.**　  2:16-cv-9793

**A&R LOGISTICS, INC. d/b/a
A&R TRANSPORT, INC. a
Kentucky corporation,**

       **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

    I, E. Taylor George, counsel for Defendants, do hereby certify that on October 17, 2016, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** upon all counsel/parties of record, by depositing the same in the regular United States mail, postage prepaid, sealed in an envelope, and addressed as follows:

Stephen P. New
Amanda J. Taylor
P.O. Box 5516
Beckley, West Virginia  25801
*Attorney for Plaintiff*

                     */s/E. Taylor George*
                     John L. MacCorkle (WV State Bar #2286)
                     E. Taylor George (WV State Bar #8892)
                     MacCorkle Lavender PLLC
                     300 Summers Street, Suite 800
                     Post Office Box 3283
                     Charleston, WV 25332.3283
                     (304) 344-5600
                     (304) 344-8141 (Fax)